IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WILLIAM ROPER, III**,

      Petitioner,

v.                                  **Civil No.: 3:19-CV-131 (GROH)**

**R. HUDGINS, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On August 12, 2019, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, and a 10-page handwritten memorandum of law in support thereof. ECF Nos 1, 1-1.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

## II. FACTS

### A. Conviction and Sentence[1] in the Central District of Illinois

On May 5, 2016, in the United States District Court for the Central District of Illinois, case number 2:16-CR-20032, an indictment was returned which charged that Petitioner, a person who was "previously convicted in a court in the State of Illinois of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm," in violation of 18 U.S.C. § 922(g)(1). ECF No. 1.  On October 11, 2016, Petitioner entered a guilty plea to the indictment. ECF No. 12.

On April 10, 2017, Petitioner was sentenced to 90 months of imprisonment. ECF No. 31 at 2.

### B. Post-Conviction Relief[2] in the Central District of Illinois

On July 1, 2019, Petitioner filed a motion for new trial in his criminal case in the Central District of Illinois, case number 2:16-CV-20032.  On August 6, 2019, the Court struck the motion for a new trial and directed the Clerk to file that motion in a new civil action, 2:19-CV-2217, and directed the Clerk to send Petitioner a packet for filing an action pursuant to 28 U.S.C. § 2255.  A review of the docket shows that the § 2255 action remains pending in the Central District of Illinois.

---

[1] The facts in section II.A., unless otherwise noted, are taken from Petitioner's criminal case, Case Number 2:16-CR-20032 in the United States District Court for the Central District of Illinois, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] The facts in section II.B., unless otherwise noted, are taken from Petitioner's civil case, Case Number 2:19-CR-2217 in the United States District Court for the Central District of Illinois, available on PACER.

**C. Instant 2241 Petition in the Northern District of West Virginia**

This § 2241 petition was filed on August 12, 2019, and was accompanied by a ten-page handwritten memorandum of law. ECF Nos. 1, 1-1. Therein, Petitioner challenges both his conviction and sentence. Id.

Petitioner's sole ground for relief is that he is innocent of his conviction under 18 U.S.C. § 922(g)(1), based on the June 21, 2019, ruling of the Supreme Court in Rehaif v. United States, 139 S.Ct. 2191 (2019). ECF No. 1 at 5, 9. He seeks vacation of his conviction and sentence. Id. at 8.

Petitioner claims in the petition that "case law . . . is a law of statutory interpretation and is therefore unable to qualify for sec. 2255(h)(2)." ECF No. 1 at 9. In his memorandum of law, Petitioner claims "that some limitation of scope or procedure would prevent a section 2255 proceeding from affording a petitioner a full hearing and adjudication" ECF No. 1-1 at 1. In the conclusion to his memorandum, Petitioner asserts that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his sentence. ECF No. 1-1 at 10.

### III. LEGAL STANDARD

**A. Reviews for Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see

3

also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C. Post-conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.   ANALYSIS

A challenge to Petitioner's conviction and sentence is more appropriately considered in the district where Petitioner was convicted. On July 1, 2019, the Petitioner filed a motion for a new trial in the court of his conviction, which motion was struck by the Court and filed as a new civil action pursuant to 28 U.S.C. § 2255. In the instant § 2241 petition, Petitioner seeks the same relief that he seeks in that proceeding, vacation of his conviction and sentence. Petitioner's § 2255 motion remains pending in the Central District of Illinois. C.D.Ill. 2:19-CV-2217.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction over those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy

has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear from a review of the docket and filings in the Central District of Illinois that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration by the court of conviction, in the § 2255 proceeding pending in that jurisdiction. If Petitioner chooses to assert any claim for vacation of his conviction or sentence which relies on the legal authority cited herein, it appears to the Court that he may do so in his § 2255 proceedings in the Central District of Illinois.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 13, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE